UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES WORTHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 3:06 CV 231 |
| ) | |
| ARAMARK FOOD COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

James Worthington, a prisoner confined at the Westville Correctional Facility Facility ("WCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that Aramark Food Company violated his federally protected rights. He has filed an amended complaint adding WCF Medical Director Morrow and Indiana Department of Correction ("IDOC") Commissioner J. David Donahue as defendants. He alleges that he has Crohn's Disease and needs a special diet, but that the defendants have refused to provide him a medical diet. Mr. Worthington seeks damages from the defendants.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards

> than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Worthington brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his amended complaint, Mr. Worthington asserts that the defendants' actions violated state statutes. But § 1983 deals only with violation of rights secured by the Constitution or laws of the United States. Mr. Worthington's claim that the defendants violated provisions of Indiana statutes states no claim upon which relief can be granted under § 1983. *Baker v. McCollan*, 443 U.S. at 140.

In his amended complaint, Mr. Worthington names IDOC Commissioner Donahue as a defendant. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971). There is no suggestion in the complaint that Commissioner Donahue had any personal involvement in any health care or dietary decision regarding Mr. Worthington. Even a prison superintendent is not "directly involved in the day-to-day operation of the prison hospital such that he would have personally participated in, or have knowledge of, the kinds of decisions that lead to the delay in treatment complained of by [the plaintiff]." *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981). The Commissioner is even further removed from the day to day operation of individual IDOC facilities.

In his amended complaint, Mr. Worthington alleges that Aramark Food Corporation, which the IDOC apparently has contracted to operate the WCF dining facility, violated his federally protected rights because some of its employees did not provide him the diet for Crohn's disease. Aramark might be a proper defendant if a corporation is a "person" for purposes of 42 U.S.C. § 1983 when acting as the *alter ego* of a state. *Ancata v. Prison Health Services*, 769 F.2d 700 (11th Cir. 1985) (Corporation acting on behalf of a county is a person.); *Comtronics, Inc. v. Puerto Rico Tel.*, 409 F.Supp. 800, 806 (Corporation is a person.); and *Croy v. Skinner, 410 F.Supp. 117, 123 (D. Ga. 1976) (Corporation is a person.)*.

3

*Cf. Eddy v. Virgin Islands Water and Power Authority*, 955 F.Supp. 468, 477 (D. V.I. 1997) (Corporation acting on behalf of a state is not a person). But Mr. Worthington does not allege that Aramark corporate officials made decisions concerning his diet or that any denial of a proper diet resulted from corporate policy. Aramark cannot remain as a defendant based only on the actions of its employees at the WCF because the doctrine of *respondeat superior* has no application to § 1983 actions.[1] *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Finally, Mr. Worthington names medical department director Morrow as a defendant. He alleges that although he has Crohn's disease, Mr. Morrow refused him a medical diet.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Gil v. Reed*, 381 F.3d 649, 664 (7th Cir. 2004).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may

---

[1] Mr. Worthington mentions individual Aramark Food Corporation officials in the body of his amended complaint, but he has not named those officials as defendants or provided the court with the materials necessary to serve them with process.

not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. If a doctor diagnosed Mr. Worthington as having Crohn's disease and prescribed a special diet, and Mr. Morrow refused to provide him the prescribed diet, that might state a claim upon which relief could be granted. Accordingly, giving Mr. Worthington the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no Eighth Amendment claim against Mr. Morrow.

Mr. Worthington did not submit summonses and process receipt and return forms for the defendants. Unless he provides these documents, the Marshals Service will not serve defendant Morrow with process on his behalf. If Mr. Worthington wishes to serve defendant Morrow himself, he must submit summonses which the Clerk's office will sign, seal, and return to him. If he wishes to have the Marshals Service serve defendant Morrow on his behalf, he must submit two properly completed summons forms and a process receipt and return form. Failure to serve defendant Morrow within one hundred and twenty days may lead to the dismissal of this complaint pursuant to Fed. R. Civ. P. 4(m).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against defendant Morrow in his personal capacity for damages on his claim that defendant Morow was deliberately indifferent to his serious medical needs;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), defendants Aramark Food Corporation and J. David Donahue, and DISMISSES all claims other than the Eighth Amendment claim against defendant Morrow;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that, upon service of process upon him, defendant Morrow is to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the clerk to enclose Northern District of Indiana Summons forms and Process Receipt and Return forms along with the copy of this order sent to the plaintiff, and DIRECTS the clerk to forward the amended complaint and a copy of this order to the Marshals Service for service on defendant Morrow if the plaintiff provides the materials necessary to serve defendant Morrow.

**SO ORDERED**.

ENTERED: November 28, 2006

s/James T. Moody
James T. Moody, Judge
United States District Court