UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JAMES WORTHINGTON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ARAMARK FOOD COMPANY,** *et al.*, )<br>)<br>**Defendants.** ) | CAUSE NO. 3:06 CV 231 JM |

*OPINION AND ORDER*

James Worthington filed this *pro se* action pursuant to 42 U.S.C. § 1983, naming Aramark Food Company, Mr. Morrow, and J. David Donahue as defendants. He did not submit the materials necessary to serve these defendants. On November 28, 2006, the court screened the complaint pursuant to 28 U.S.C. § 1915A, and afforded the plaintiff leave to proceed against Mr. Morrow. On page five of that order, the court noted that:

> Mr. Worthington did not submit summonses and process receipt and return forms for the defendants. Unless he provides these documents, the Marshals Service will not serve defendant Morrow with process on his behalf. If Mr. Worthington wishes to serve defendant Morrow himself, he must submit summonses which the Clerk's office will sign, seal, and return to the him. If he wishes to have the Marshals Service serve defendant Morrow on his behalf, he must submit two properly completed summons forms and a process receipt and return form. Failure to serve defendant Morrow within one hundred and twenty days may lead to the dismissal of this complaint pursuant to Fed. R. Civ. P. 4(m).

On page six of the order, the court directed:

> the clerk enclose Northern District of Indiana Summons forms and Process Receipt and Return forms along with the copy of this order sent to the plaintiff, and DIRECTS the clerk to forward the amended complaint and a

oopy of this order to the Marshals Service for service on defendant Morrow if the plaintiff provides the materials necessary to serve defendant Morrow.

Mr. Worthington did not submit the materials necessary to serve defendant Morrow. Service of process serves a dual purpose: it gives the court jurisdiction over the person of the defendant as well as notifying him of the lawsuit. *See Millikan v. Meyer*, 311 U.S. 457 (1940); *F.D.I.C. v. Spartan Mining Co.*, 96 F.R.D. 677, 681 (S.D. W. Va. 1983), *aff'd*, 731 F.2d 1134 (4th Cir. 1984). Fed. R. Civ. P. 4(m) mandates dismissal without prejudice if a defendant is not served with the summons and complaint within 120 days after the filing of the complaint unless the plaintiff can show "good cause" why service was not made within that time. *Tso v. Delaney*, 969 F.2d 373, 375 (7th Cir. 1992); *Geiger v. Allen*, 850 F.2d 330, 331-32 (7th Cir. 1988).

On April 5, 2007, the court ordered the plaintiff to show cause why defendant Morrow should not be dismissed from this case pursuant to Fed. R. Civ. P. 4(m). Mr. Worthington had until April 30, 2007, to respond to the order to show cause. He has not responded to the order to show cause or provided the materials necessary to serve defendant Morrow.

For the foregoing reasons, the court **DISMISSES** this complaint without prejudice pursuant to Fed. R. Civ. P. 4(m).

**SO ORDERED.**

ENTER: May 15, 2007

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT